MATHENY *v.* PATTON.

Opinion delivered June 11, 1928.

*Coleman & Reeder,* for appellant.

*J. Paul Ward,* for appellee.

McHANEY, J.   On June 18, 1926, appellant purchased from the Moore Motor Company an automobile, and executed his note for part of the purchase price, payable in monthly installments of $26.45 each.   This note was assigned by indorsement by the Moore Motor Company to the Kirkpatrick Finance Company of St. Louis, Missouri, without recourse.   Payments were made on the note from time to time, leaving a balance of $132.31.   The Kirkpatrick Finance Company assigned the note to appellee by the following indorsement:  "For value received, pay to the order of R. H. Patton.   (Signed) Kirkpatrick Finance Company."

Appellant failed to pay the balance due, and appellee brought this suit in the justice court, where judgment was rendered against appellant, and an appeal was taken to the circuit court, where it was tried *de novo* before the court, without a jury, and judgment again rendered for appellee.

The only defense made to the note in the court below was that it is usurious.  Appellant testified: "Q.  You are not much interested in any phase of this case except just

beating it, are you? A. That is all; just beating it right squarely on usury, here. I trusted them to put their interest in there at 10 per cent., and any amount over that was not understood nor agreed to by me. That is all. I knew they told me in plain English that I had to pay 10 per cent. interest and insurance, that is all.''

This issue was found against appellant by the circuit court, and he does not raise the question here.

The only question presented for our consideration is whether appellee was a proper party plaintiff. He insists that the note was assigned to Kirkpatrick Finance Company, which is the real party in interest, and that it alone had the right to sue upon the note, and that it could not maintain the action because it is a foreign corporation transacting business in this State in violation of the laws of this State relating to foreign corporations. But the question was not raised in the court below.

Appellee was the only witness who testified in this case, and if there is any evidence in the record showing that the Kirkpatrick Finance Company is a Missouri corporation, or a corporation of any kind, there is nothing in the abstract presented by appellant to show it. Neither is any such assignment of error contained in the motion for a new trial, there being only three assignments, that the verdict is contrary to the law, to the evidence, and to both the law and the evidence. These assignments of error are insufficient to present the question now raised for the consideration of the circuit court, and are therefore insufficient to raise the question here.

Moreover, if it be conceded that the Kirkpatrick Finance Company is a foreign corporation doing business in this State in violation of law, of which there is no evidence in the record, still the assignment by indorsement to appellee, being a valid indorsement, constitutes him a valid holder of the instrument, with power to sue in his own name, and therefore with the right to maintain this action.

The Negotiable Instruments Law, § 7761, Crawford & Moses' Digest, defines the word "holder" as "the

payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof." By § 7817 it is provided that "the holder of a negotiable instrument may sue thereon in his own name, and payment to him in due course discharges the instrument."

Appellee was the holder of the note in question, and, under the above sections of the statute, had the right to maintain this action. Whether appellee was the agent of the Kirkpatrick Finance Company, and whether appellant would have had the right to plead a set-off or counterclaim in this action against the Kirkpatrick Finance Company, are questions not necessary for us to decide, as it is not contended that the appellant had any right of set-off or counterclaim against it.

We find no error in the record, and the judgment is accordingly affirmed.